UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL WILLIAMS,

           Plaintiff,

v.

NANCY A. BERRYHILL,

           Defendant.

Case No. C17-5659JLR

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

## I. INTRODUCTION

Plaintiff Michael Williams seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred by rejecting Katherine Bumstead's, M.D., opinions and his testimony, and by giving great weight to the opinions of a non-examining doctor. (Pl. Br. (Dkt. # 9) at 2, 8.) He further contends these errors harmfully affected the RFC determination and step-five findings. As relief, Mr. Williams moves the court to remand the case for payment of benefits. (*Id.* at 15.) For the reasons below, the court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

//

//

//

## II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Mr. Williams has not engaged in substantial gainful activity since March 27, 2013.

**Step two:** Depression, right hip fracture, status post open reduction internal fixation; right hip degenerative joint disease; diabetes mellitus; right shoulder degenerative joint disease; right knee chondromalacia; and osteoarthritis of the hand and wrist are severe impairments:.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Mr. Williams can perform less than the full range of light work. He can lift no greater than 20 pounds at a time with frequent lifting or carrying of 10 pounds. He can stand and/or walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. The claimant can push and/or pull with the upper extremities an unlimited amount within the lifting restrictions described above. The claimant can perform jobs that never require him to climb ladders, ropes, or scaffolds. He can occasionally crouch, kneel, crawl, and climb ramps or stairs. The claimant can occasionally reach overhead with the right upper extremity. He can frequently handle and finger with bilateral upper extremities. The claimant can have superficial interaction with the public, coworkers, and supervisors. He can accept reasonable supervision.

**Step four:** Mr. Williams cannot perform past relevant work.

**Step five:** Mr. Williams can perform jobs that exist in significant numbers in the national economy and is not disabled.

(ALJ Dec. (Dkt. # 7-2) at 17-38.)[3] The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. (*Id.* at 1.)[4]

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

[3] For the exhibits Dkt. ## 7-1 through 7-8, the court uses the page numbers that are specified in the court transcript index (Dkt. # 7-1) and listed on the bottom right-hand corner of each page.

[4] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER AFFIRMING THE COMMISSIONER
AND DISMISSING THE CASE - 2

## III. DISCUSSION

### A. The ALJ's Evaluation of Dr. Bumstead's Opinions

Mr. Williams contends the ALJ misevaluated Dr. Bumstead's opinions. (Pl. Br. at 2-7.) The ALJ found Dr. Bumstead gave a series of opinions about Mr. Williams's functional abilities. (ALJ Dec. at 29.) The ALJ gave great weight to Dr. Bumstead's 2014 opinion that Mr. Williams could perform "light work" (*id.* at 30), and rejected opinions the doctor formulated subsequently in 2015 and 2016 that Mr. Williams was limited to sedentary work (*id.* at 31-32).

Mr. Williams first contends the ALJ erred because Dr. Bumstead did not opine he could perform light work. (Pl. Br. at 5-6.) He argues Dr. Bumstead found he could perform only **part-time** light work that required lifting no more than three pounds. (*Id.* at 6.) In May 2014, Dr. Bumstead noted Mr. Williams could do light duty work; that he could seldom lift 20 pounds above the shoulder and occasionally lift 3 pounds. (Med. Rec. 1 (Dkt. # 7-7) at 824.) However, in October 2014, Dr. Bumstead stated she agreed with Dr. Firoozabadi that Mr. Williams was limited to jobs that did not require lifting over 20 pounds, or climbing, crawling, bending or squatting. (*Id.* at 749 (referring to *id.* at 742).) The doctor also noted that Mr. Williams could perform his job of injury ("JOI"), as a business services sales agent, which is described as a light duty job performed on a part-time basis. (*Id.* (referring to *id.* at 766-67).)

The ALJ's finding that Dr. Bumstead opined in 2014 that Mr. Williams could perform light work is supported by substantial evidence. As noted above, Dr. Bumstead originally limited Mr. Williams to occasionally lifting 3 pounds. However, in October 2014, Dr. Bumstead agreed with Dr. Firoozabadi that Mr. Williams can perform light work, and lift 20 pounds without placing any extra qualifications, such as "limited to part-time work." (*Id.* at 749.) Thus the ALJ reasonably found that Dr. Bumstead believed Mr. Williams could lift up to 20 pounds

and perform light work.

The ALJ also reasonably found that Dr. Bumstead did not opine that Mr. Williams is limited to "part-time" light work. (ALJ Dec. at 33.) It is true that Dr. Bumstead opined that Mr. Williams could perform his JOI, which the Job Assessment form indicates is "light work," with a "work pattern" that is "part-time." (Med. Rec. 1 at 767.) However, Dr. Bumstead did not state Mr. Williams was limited to part-time work, and neither did Dr. Firoozabadi. The court accordingly finds that the ALJ did not err in finding that, in 2014, Dr. Bumstead believed that Mr. Williams could perform light work.

Although Dr. Bumstead opined in 2014 that Mr. Williams can perform light work, the doctor subsequently rendered three opinions indicating Mr. Williams was more limited. The ALJ rejected each of these opinions. As to Dr. Bumstead's first opinion, the ALJ noted that, in January 2015, Dr. Bumstead opined Mr. Williams could only perform sedentary work and was markedly limited in his ability to lift, push, walk, climb, crouch, and carry due to hip pain. (ALJ Dec. at 30-31.) The ALJ rejected the opinion as inconsistent with the doctor's own exam findings which showed only some limitations in range of motion.

The record does not show Dr. Bumstead's opinion is inconsistent with her exam findings. The doctor did not opine that Mr. Williams was limited to sedentary work based upon limitations in range of motion. Rather, she specifically found Mr. Williams was limited based upon chronic right hip pain. (Med. Rec. 2 (Dkt. # 7-8) at 1035.) There is thus no inconsistency between the doctor's exam findings and her opinion.

The ALJ also rejected Dr. Bumstead's January 2015 opinion as inconsistent with the exam findings of other medical providers. (ALJ Dec. at 31.) The ALJ cited to five medical records. Four do not set forth functional assessments that invalidate Dr. Bumstead's opinions,

but instead regard x-ray findings, (Disability Rep. (Dkt. # 7-6) at 259); Mr. Williams's limited right grip strength, pain in the right hip and normal range of motion, (*id.* at 305); and how prednisone improved Mr. Williams's "significant widespread musculoskeletal pain," (Med. Rec. 1 at 719). However, the fifth involves the report of examining physician Alan Brobeck, M.D., who opined "it is felt the claimant is capable of reasonable, continuous gainful employment in the light-to-medium category." (*Id.* at 762.) Dr. Brobeck's opinion contradicts Dr. Bumstead's.

Mr. Williams acknowledges Dr. Brobeck's opinion and makes the conclusory argument that the great weight the ALJ gave Dr. Brobeck's opinion "was not based on the correct legal standard or supported by substantial evidence." (Pl. Br. at 4.) That argument fails. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). That is exactly what the ALJ did in giving greater weight to Dr. Brobeck's opinion. Dr. Brobeck examined Mr. Williams and reviewed some of his records and concluded Mr. Williams is less limited than Dr. Bumstead found. Mr. Williams asks the court to reweigh this decision but presents no facts that would allow the court to do so. Although the court must examine the entire record, it cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Mr. Williams notes that the ALJ must give special weight to the opinions of a treating physician such as Dr. Bumstead. However, there is no indication that the ALJ impermissibly rejected Dr. Bumstead's treating opinions based on the mistaken belief that Dr. Brobeck's examining opinions should be accorded more weight as a matter of law. Rather the ALJ permissibly rejected Dr. Bumstead's treating opinion on the grounds that is inconsistent with Dr. Brobeck's examining opinion. *See e.g. Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989).

In sum, the ALJ gave five reasons to reject Dr. Bumstead's January 2015 opinion. Because the ALJ gave one valid reason supported by substantial evidence, the ALJ's reliance on the other invalid reasons constitutes harmless error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

Turning to Dr. Bumstead's second opinion, the ALJ noted that Dr. Bumstead opined in September 2015 that Mr. Williams could sit less than two hours in an eight hour day; stand/walk for less than two hours; sit for 45 minutes at a time and stand for 15 minutes; needs to change sitting positions at will; requires 25 minute unscheduled breaks every two hours; lift/carry less than 10 pounds; be off task 5% of the day; had bilateral use of hands 50% of the day; is incapable of even low stress work; and would miss more than four days of work a month. (ALJ Dec. at 31.) The ALJ noted the doctor further indicated these limitations existed since March 2013. (*Id.*)

The ALJ rejected the opinions as inconsistent with Dr. Bumstead's 2014 opinion, in which she opined that Mr. Williams could perform light work. (*Id.*) The record supports the ALJ's rationale. Dr. Bumstead's 2014 opinion clearly sets forth far fewer limitations than her September 2015 report and thus contradicts her opinion that the limitations noted in September 2015 report existed since March 2013. Accordingly, the ALJ properly rejected Dr. Bumstead's September 2015 opinion as inconsistent with her 2014 opinion. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (ALJ may properly reject a treating physician's opinion that is inconsistent with the record and not supported by objective evidence).

Lastly, as to Dr. Bumstead's third opinion, the ALJ noted that, in April 2016, Dr. Bumstead again listed the same limitations set forth in the September 2015 opinion, including the finding that the limitations existed as of March 2013. (ALJ Dec. at 31.) The ALJ rejected Dr. Bumstead's April 2016 opinion, finding it inconsistent with the doctor's 2014 opinion that Mr. Williams can perform light work. As noted above, this is a valid reason that is supported by substantial evidence.

The court also notes Mr. Williams's argument that the ALJ erred in finding there was no evidence Mr. Williams's condition had worsened since Dr. Bumstead rendered the 2014 opinion. The court rejects the argument. Dr. Bumstead never found Mr. Williams's condition worsened and instead twice stated, as set forth above, that his condition in September 2015 and April 2016 existed since 2013. Thus Dr. Bumstead found no worsening. To the extent Mr. Williams argues he has been limited to sedentary work since 2013, and the "no worsening" determination is therefore irrelevant, the argument is unsupported. Dr. Bumstead opined in 2014 that Mr. Williams could perform light work, as did Dr. Firoozabadi. The evidence thus tends to contradict rather than support Mr. Williams's claim that since 2013 or 2014 he was limited to sedentary (or less) work.

In sum, substantial evidence supports the ALJ's determination that Dr. Bumstead opined in 2014 that Mr. Williams could perform light work. While Mr. Williams focuses on how the JOI that Dr. Bumstead thought Mr. Williams could perform is a part-time work, Dr. Bumstead never indicated that Mr. Williams was limited to only part-time work. The ALJ thus properly found that in the doctor's opinion, Mr. Williams was capable of performing light work.

The ALJ also properly discounted Dr. Bumstead's subsequent opinions setting forth more severe limitations as inconsistent with the doctor's 2014 opinion. While Mr. Williams views the

evidence differently, the court finds the ALJ's evaluation reasonable and the court cannot reweigh the evidence even if the evidence is susceptible to alternative reasonable interpretations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The court accordingly affirms the ALJ's evaluation of Dr. Bumstead's opinions.

**B.      The ALJ's Assessment of the State Agency Reviewing Source**

Mr. Williams argues the ALJ erred by inexplicably[5] giving the "greatest" weight to the state agency reviewing source, Gordon Hale, M.D. The argument fails because the ALJ properly weighed the opinions of Dr. Bumstead, Dr. Brobeck, and Dr. Firoozabadi, and the ALJ's determination regarding these opinions support the ALJ's finding that Mr. Williams can perform light work with additional limitations as set forth in the RFC. Hence, even if the court were to exclude the opinions of the state agency reviewing source, Mr. Williams has not shown harmful error.

**C.      Mr. Williams's Testimony**

Mr. Williams argues the ALJ erroneously discounted his symptom testimony. Revised Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *13, directs the ALJ as to how he or she should evaluate a claimant's statements.[6] The SSR has an effective date of March 28,

---

[5] The court notes the ALJ did not adopt Dr. Hale's opinion without explanation as Mr. Williams contends, but instead outlined the portions of the medical record the ALJ found supported Dr. Hale's opinions. (ALJ Dec. at 28.)

[6] SSRs do not have the force of law. Nevertheless, they "constitute Social Security Administration (SSA) interpretations of the statute it administers and of its own regulations," and are binding on all SSA adjudicators. 20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 195, 1203 n.1 (9th Cir. 2001). Accordingly, such rulings are given deference by the courts "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*,

2016, and thus applies to the ALJ's decision here. SSR 16-3p eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work. *Id* at *2 n.1. The SSR also states "in evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single conclusory statement that "the individual's statements about his or her symptoms have been considered," or that "the statements about the individual's symptoms are (or are not) supported or consistent." *Id.* at *10. Further "the determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated." *Id.*

SSR 16-3p does not, however, alter the standards by which courts will evaluate an ALJ's reasons for discounting a claimant's testimony. To reject a claimant's complaints, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and convincing" reasons. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle,* 533 F.3d at 1160.[7] The Commissioner suggests a lesser standard applies, which the court rejects as inconsistent with controlling precedent. *See Garrison v. Colvin,* 759 F.3d 995, 1015 n.18 (9th Cir. 2014) (rejecting argument the court should apply a standard lower than clear and convincing in reviewing ALJ's evaluation of claimant's testimony where there was no evidence of malingering.).

The ALJ gave at least one valid reason to discount Mr. Williams's testimony. The ALJ

---

882 F.2d 1453, 1457 (9th Cir. 1989).

[7] In *Carmickle*, the Ninth Circuit rejected the proposition that there had to be a specific *finding* of malingering; rather, it was sufficient that there be *affirmative evidence* suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

found Mr. Williams's claim that his physical impairments are disabling is inconsistent with medical opinions that indicate he can perform light work. (ALJ Dec. at 21.) As noted above, the ALJ gave great weight to Dr. Brobeck's opinion that Mr. Williams could perform at least light work. The ALJ also credited Dr. Bumstead's 2014 opinion that Mr. Williams could perform light work, and validly discredited her subsequent opinions that he was unable to perform such work. It has long been recognized that the ALJ may properly discount a claimant's testimony based upon inconsistencies between the claimant's statements and medical opinions of physicians about the nature, severity, and effect of the symptoms of which the claimant complains. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also* SSR 16-3p, 2017 WL 5180304, at *6 (ALJ should consider information from medical sources about individual's symptoms). This is what the ALJ properly did in this case. Because the ALJ gave at least one valid reason supported by substantial evidence to reject Mr. Williams's testimony, the court need address the other reasons the ALJ set forth. *See Carmickle*, 533 F.3d at 1162 (inclusion of erroneous reasons is harmless).

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and the case is DISMISSED with prejudice.

DATED this 7th day of March, 2018.

JAMES L. ROBART
United States District Judge